# United States Court of Appeals
## For the First Circuit

No. 13-2136

UNITED STATES OF AMERICA,

Appellee,

v.

JULIO MELÉNDEZ-RIVERA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Torruella, Selya and Thompson,
Circuit Judges.

Joshua L. Solomon, Matthew B. Arnould, and Pollack Solomon Duffy LLP on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Francisco A. Besosa-Martínez, Assistant United States Attorney, on brief for appellee.

April 1, 2015

**SELYA, Circuit Judge.** This sentencing appeal hinges on two claims of error. One is hopeless, but the other requires us to answer a question about whether an additional one-level downward adjustment for acceptance of responsibility, see USSG §3E1.1(b), sometimes may be available without a government motion. Concluding that the answer to this question is affirmative, we remand for resentencing.

Because this appeal follows a guilty plea, we glean the relevant facts from the change-of-plea colloquy, the unchallenged portions of the presentence investigation report (PSI Report), and the transcript of the disposition hearing. See United States v. Vargas, 560 F.3d 45, 47 (1st Cir. 2009); United States v. Dietz, 950 F.2d 50, 51 (1st Cir. 1991). In April of 2011, Immigration and Customs Enforcement (ICE) agents were hot on the heels of a drug-trafficking ring. As part of this investigation, an undercover agent (whom we shall call "X") began negotiating a drug smuggle with members of the ring. On April 14, one of the suspects, Eliezer Delgado-Ramos ("Delgado"), met with X to coordinate the venture. Defendant-appellant Julio Meléndez-Rivera attended this meeting.

The hatched plot contemplated that X would rendezvous with a vessel at sea, receive approximately 1,000 kilograms of cocaine, bring the contraband ashore in Puerto Rico, and place it in a van that would subsequently be driven away by the drug ring.

-2-

On May 1, X effected the transfer at sea, and federal agents seized the cocaine before it reached the shore.

Blissfully unaware that the drugs had been intercepted, the appellant and Delgado gave X the keys to the van in which the cocaine was to be loaded. The next day, federal agents and other law enforcement officers conducted a controlled delivery: they loaded the van with ersatz cocaine and left the van at the agreed location. The appellant drove away in the van and was promptly apprehended.

In due season, a federal grand jury sitting in the District of Puerto Rico returned an indictment. Pertinently, it charged the appellant with conspiracy to import over five kilograms of cocaine into the United States (count 1), see 21 U.S.C. §§ 960, 963, and conspiracy to distribute over five kilograms of cocaine (count 2), see id. §§ 841(a)(1), 846. After some preliminary skirmishing, the appellant entered a straight guilty plea. The probation office then prepared the PSI Report, which recommended a guideline sentencing range of 188-235 months.

Prior to the disposition hearing, the appellant filed a sentencing memorandum urging a downward adjustment for what he deemed his mitigating role in the offense.[1] See USSG §3B1.2(b).

---

[1] If applicable, this adjustment would have made the appellant eligible for the so-called "safety valve," see USSG §2D1.1(a)(5), which potentially could have lowered his offense level even further.

The sentencing memorandum further urged a three-level downward adjustment for acceptance of responsibility (rather than the two-level adjustment recommended in the PSI Report). See id. §3E1.1(b).

The sentencing court convened the disposition hearing on August 23, 2013. The court eschewed any mitigating role adjustment, concluding that the appellant's part in the conspiracy was not minor. At the same time, it granted a two-level reduction for acceptance of responsibility but rejected the appellant's importunings for an additional adjustment, stating "I don't think I can grant it. I don't have the discretion to do so unless the government files [a] motion." The court proceeded to impose a bottom-of-the-range term of immurement: 188 months. This timely appeal ensued.

The appellant's first claim of error is easily dispatched. It rests on the notion that, on the facts, the sentencing court should have classified the appellant as merely a bit player in the conspiracy and discounted his offense level accordingly. That notion is fatuous.

The sentencing guidelines authorize a two-level reduction in a defendant's offense level upon a finding that "the defendant was a minor participant in [the relevant] criminal activity." Id. §3B1.2(b). To qualify for this adjustment, a defendant must show that he is both less culpable than most of his cohorts in the

particular criminal endeavor and less culpable than the mine-run of those who have committed similar crimes. See United States v. Ocasio, 914 F.2d 330, 333 (1st Cir. 1990). A defendant bears the burden of proving his entitlement to a minor participant reduction by a preponderance of the evidence. See United States v. Quiñones-Medina, 553 F.3d 19, 22 (1st Cir. 2009).

A determination of a defendant's role in the offense is invariably fact-specific and, thus, appellate review of such a determination is respectful. See United States v. Santos, 357 F.3d 136, 142 (1st Cir. 2004). "Consequently, we review a district court's resolution of the facts relative to a minor role adjustment for clear error . . . ." Quiñones-Medina, 553 F.3d at 22. Given this deferential standard of review, battles over a defendant's role in the offense "will almost always be won or lost in the district court." United States v. Graciani, 61 F.3d 70, 75 (1st Cir. 1995).

In this instance, the sentencing court concluded that the appellant had not demonstrated by preponderant evidence that he was a minor participant in the drug-smuggling venture. To support its conclusion, the court emphasized that the appellant had been present when the plot was hatched; that he and Delgado delivered the van in which the drugs were to be transported; and that, after the van was loaded with what the appellant thought were drugs, he

drove it away.  The appellant does not dispute the accuracy of any of these facts.

The appellant labors nevertheless to portray himself as an "expendable cog" in the venture by labeling Delgado as the decisionmaker.  This sets up a false dichotomy: a defendant need not be the key figure in a conspiracy in order to be denied a mitigating role-in-the-offense adjustment.  See, e.g., United States v. García-Ortiz, 657 F.3d 25, 29-30 (1st Cir. 2011); United States v. Mateo-Espejo, 426 F.3d 508, 512 (1st Cir. 2005).  What counts is that the appellant was present for the planning of the scheme and deeply involved in its execution.  There is, therefore, no good reason to believe that he was less culpable than the mine-run of those who have committed similar crimes.  Indeed, we have routinely upheld the denial of a mitigating role adjustment in drug-trafficking cases for defendants who have had even less involvement than the appellant.  See, e.g., Vargas, 560 F.3d at 50-51 (affirming denial of adjustment where defendant's sole involvement in conspiracy was driving delivery truck containing single shipment of cocaine); United States v. Ortiz-Santiago, 211 F.3d 146, 149 (1st Cir. 2000) (affirming denial of adjustment where defendant performed only "menial tasks" such as unloading drugs and standing watch).

That ends this aspect of the matter.  Mindful of the deferential lens through which we must review fact-intensive role-

in-the-offense determinations, we cannot say that the sentencing court committed any error, clear or otherwise, in rejecting the appellant's bid for such an adjustment.[2]

This brings us to the appellant's claim that the sentencing court erred in holding that it lacked discretion to grant an additional one-level adjustment for acceptance of responsibility absent a government motion. The question presented is legal in nature and engenders de novo review. See Quiñones-Medina, 553 F.3d at 22.

We set the stage. The sentencing guidelines create a two-tiered system for treating acceptance of responsibility. The first tier comprises a basic two-level reduction in the offense level when the court determines that a defendant has accepted responsibility for the offense of conviction. See USSG §3E1.1(a). If the defendant receives this first-tier adjustment and if his offense level, calculated without reference to the first-tier adjustment, is 16 or more, the second tier comes into play. That tier makes available a further one-level adjustment "upon motion of the government stating that the defendant has assisted authorities

---

[2] To the extent that the appellant implies that the district court committed procedural error by failing adequately to explain the reasons for its denial of a mitigating role adjustment, the implication is unwarranted. The court spelled out in sufficient detail the reasons why it believed the appellant did not deserve a mitigating role adjustment. See United States v. McDowell, 918 F.2d 1004, 1012 (1st Cir. 1990) (tasking district courts with making "reasonably specific findings" in constructing guideline sentencing range).

in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." Id. §3E1.1(b).

Here, the court awarded the two-level discount provided in section 3E1.1(a). The appellant, whose offense level (calculated without reference to the section 3E1.1(a) reduction) was 38, then sought the additional one-level reduction under section 3E1.1(b). When the government refused to move for this additional reduction, the appellant claimed that the government was improperly withholding the motion because it wanted to punish him for spurning a plea agreement. The district court did not resolve this claim, concluding instead that a government motion was a sine qua non to a section 3E1.1(b) reduction.

The present problem, of course, arises out of the language of section 3E1.1(b), which is prefaced with the phrase "upon motion of the government." At the time that the appellant was sentenced, the November 2012 edition of the guidelines pertained. The then-current guideline commentary stated that "[b]ecause the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time

of sentencing." Id. §3E1.1, comment. (n.6). But guideline commentary is not always to be taken as gospel, see Stinson v. United States, 508 U.S. 36, 43-45 (1993); United States v. Piper, 35 F.3d 611, 617 (1st Cir. 1994), and the main question presented by this appeal is the extent (if at all) to which the sentencing court retains discretion to grant the additional one-level adjustment under section 3E1.1(b) without a government motion.

The answer to this question is informed by our decision in United States v. Beatty, 538 F.3d 8 (1st Cir. 2008). There, we considered the scope of the government's discretion to withhold a motion for the additional one-level discount for acceptance of responsibility. Id. at 13-17. We held that even though the government enjoys wide discretion in deciding whether to move for this adjustment, the district court's hands are not tied simply because the government abjures such a motion. See id. at 14-15. Rather, the court may grant the additional level when the government's withholding of the predicate motion "was based on an unconstitutional motive" or "was not rationally related to any legitimate government end." Id. at 14 (internal quotation marks omitted); cf. Wade v. United States, 504 U.S. 181, 185-86 (1992) (adopting this approach in the context of the government's refusal to file a substantial-assistance motion under USSG §5K1.1). The district court's conclusion that it lacked discretion to grant the

requested adjustment without a government motion overlooked the Beatty exception and, thus, was incorrect as a matter of law.[3]

Let us be perfectly clear.  We do not suggest that the appellant is deserving of the additional one-level adjustment.  We do not know, and, in all events, that matter is for the sentencing court.  But once the appellant raised a claim that the government withheld its section 3E1.1(b) motion for an improper reason, he was entitled to have the district court resolve this point.  Cf. United States v. Mariano, 983 F.2d 1150, 1153 (1st Cir. 1993) (remanding where district court erroneously concluded that it lacked discretion to depart downward based on defendant's substantial assistance).

We need go no further.  For the reasons elucidated above, we **affirm** the denial of a mitigating role adjustment, **vacate** the denial of a second-tier acceptance of responsibility adjustment, and **remand** the case with directions to vacate the sentence and conduct a new sentencing hearing consonant with this opinion.[4]  At

---

[3] Beatty adumbrated subsequent action by the Sentencing Commission.  Amendment 775, which became effective on November 1, 2013, provides that "[t]he government should not withhold [a 3E1.1(b) motion] based on interests not identified in §3E1.1 . . . ."  USSG §3E1.1, comment. (n.6).  Amendment 775 makes pellucid that, consistent with Beatty, the sentencing court has the authority to review the government's reasons for withholding a section 3E1.1(b) motion.  See United States v. Palacios, 756 F.3d 325, 326 (5th Cir. 2014) (per curiam).

[4] We note that, when an appellate court vacates a sentence and remands for sentencing, the resentencing court normally is to apply the version of the guidelines in effect at the time of

resentencing, the only open questions (apart from the length of the sentence to be imposed) shall be whether the government improperly withheld the section 3E1.1(b) motion  and, if so, whether the appellant is entitled to the additional one-level discount for acceptance of responsibility.

_____

resentencing.  See Restrepo-Contreras v. United States, 99 F.3d 1128 (1st Cir. 1996) (per curiam) (table), full text at 1996 WL 636560, at *1.