**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 14-1065

UNITED STATES OF AMERICA,

Appellee,

v.

RICKY SIROIS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Kayatta, Selya and Barron,
Circuit Judges.

James S. Hewes on brief for appellant.
Thomas E. Delahanty II, United States Attorney, and Margaret D. McGaughey, Assistant United States Attorney, on brief for appellee.

May 22, 2015

**Per Curiam.** Defendant-appellant Ricky Sirois pleaded guilty to a charge of conspiracy with intent to distribute oxycodone. The district court set the guideline sentencing range (GSR) at 41-51 months and imposed a mid-range sentence of 48 months' imprisonment. This timely appeal followed.

The appellant advances two claims of sentencing error. We discuss them sequentially.

## A.

The sentencing guidelines authorize a two-level reduction in a defendant's offense level upon a finding that "the defendant was a minor participant in [the relevant] criminal activity." USSG §3B1.2(b). To obtain this discount, "a defendant must show that he is both less culpable than most of his cohorts in the particular criminal endeavor and less culpable than the mine-run of those who have committed similar crimes." United States v. Meléndez-Rivera, 782 F.3d 26, 28 (1st Cir. 2015). The defendant bears the burden of proving, by a preponderance of the evidence, that he is entitled to a minor participant reduction. See id.; United States v. Quiñones-Medina, 553 F.3d 19, 22 (1st Cir. 2009).

Determining a defendant's role in the offense is a fact-specific enterprise and — absent an error of law — appellate review of such a determination is for clear error. See Quiñones-Medina, 553 F.3d at 22. Given this respectful standard, battles over a defendant's role in the offense "will almost always be won or lost

-2-

in the district court." <u>United States</u> v. <u>Graciani</u>, 61 F.3d 70, 75 (1st Cir. 1995).

In this case, the sentencing court ruled that the appellant had not shown by preponderant evidence that he was a minor participant in the oxycodone-trafficking ring. This ruling did not rest on any error of law and was not clearly erroneous. The record makes manifest that the appellant was an active seller of oxycodone and, in addition, allowed the drug ring to use his residence as a drug-distribution facility. While he was not the ringleader, the record offers no compelling reason to think that the appellant was less culpable than the mine-run of street-level oxycodone traffickers. It follows that the district court did not clearly err in denying the appellant a minor role reduction. <u>See</u> <u>Meléndez-Rivera</u>, 782 F.3d at 29; <u>United States</u> v. <u>Ocasio</u>, 914 F.2d 330, 333 (1st Cir. 1990).

## <u>B</u>.

The appellant's remaining claim of error challenges the substantive reasonableness of his sentence. A sentence is substantively reasonable as long as it is linked to "a plausible sentencing rationale" and exemplifies "a defensible result." <u>United States</u> v. <u>Martin</u>, 520 F.3d 87, 96 (1st Cir. 2008). The guidelines, though advisory, constitute a starting point for the sentencing court. <u>See</u> <u>United States</u> v. <u>Jiménez-Beltre</u>, 440 F.3d 514, 518 (1st Cir. 2006) (en banc). Where, as here, the court

imposes a sentence within a properly calculated GSR, a defendant who asserts that his sentence is substantively unreasonable faces a steep uphill climb.  See United States v. Clogston, 662 F.3d 588, 592-93 (1st Cir. 2011).  On this record, the appellant cannot complete that climb.

Although the district court rejected the appellant's importunings to vary downward from the GSR, it did not do so reflexively.  Rather, the court carefully weighed all of the relevant aggravating and mitigating factors, including the appellant's troubled background, his history of abuse, his problems with addiction, and the like.  And after a full consideration of the relevant sentencing factors, the court took pains in explaining its reasons for choosing a sentence near the mid-point of the GSR.

We review a district court's choice of a sentence for abuse of discretion, taking into account the totality of the circumstances.  See Gall v. United States, 552 U.S. 38, 51 (2007); Martin, 520 F.3d at 92.  In conducting this tamisage, we must be mindful that reasonableness is a protean concept; "there is not a single reasonable sentence but, rather, a range of reasonable sentences."  Martin, 520 F.3d at 92.  Here, the district court articulated a plausible sentencing rationale and reached an easily defensible result.  The court did not abuse its discretion in determining that a 48-month sentence was within the universe of reasonable sentences for the appellant.

## <u>C</u>.

We need go no further.  For the reasons elucidated above, the appellant's sentence is summarily

**Affirmed**.  <u>See</u> 1st Cir. R. 27.0(c).