# United States Court of Appeals
## For the First Circuit

No. 14-1216

UNITED STATES OF AMERICA,

Appellee,

v.

ANTHONY SOTO-RIVERA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Thompson, Hawkins,* and Barron,
Circuit Judges.

Johnny Rivera-González for appellant.
Tiffany V. Monrose, Assistant United States Attorney, with
whom Rosa Emilia Rodríguez-Vélez, United States Attorney, and
Nelson Pérez-Sosa, Assistant United States Attorney, were on
brief, for appellee.

January 22, 2016

---

* Of the Ninth Circuit, sitting by designation.

**THOMPSON**, **Circuit Judge**.  This appeal calls for us to consider the district judge's determination that appellant Anthony Soto-Rivera ("Soto-Rivera") should be sentenced as a Career Offender because he committed a "crime of violence" as defined by the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines").  The issue before us is narrow, and so is our ruling.  Taking this case just as it has been presented to us -- meaning we hold the parties to their concessions and decline to speculate on the possible merit of other arguments that might have been (but weren't) made -- we conclude that Soto-Rivera's particular crime of conviction does not qualify as a "crime of violence" under the Guidelines.  Accordingly, Soto-Rivera may not be sentenced as a Career Offender.

## BACKGROUND

The facts, generally speaking, are neither complicated nor disputed.  We recite only those necessary to decide the issues presented by the parties.

For reasons not germane to the legal issues here, Soto-Rivera found himself under arrest, and the arresting officers found a handgun and ammunition in his possession.  This was a problem for him, as it turns out that Soto-Rivera had a previous felony conviction on his record.

Soto-Rivera soon faced a two-count indictment in the Puerto Rico district court.  Count One charged him with illegally

possessing a "firearm and ammunition" in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), statutes which make it illegal for convicted felons to have guns or ammo. Count Two gave more detail about Soto-Rivera's firearm, describing it as a "machinegun, that is a Glock Model 23, .40 caliber . . . modified to shoot automatically more than one shot, without manual reloading, by a single function of the trigger," which violated 18 U.S.C. §§ 922(o)'s and 924(a)(2)'s general prohibition against possessing machineguns.[1]

Although he entered an initial plea of not guilty, rather than stand trial Soto-Rivera entered into a Plea Agreement with the government. Pursuant to their Agreement, Soto-Rivera agreed to plead guilty to Count One's charge of illegally possessing a "firearm and ammunition," with Count Two falling by the wayside.

The Plea Agreement addressed the length of the prison sentence Soto-Rivera could expect to receive, something that is heavily influenced by various provisions in the Sentencing Guidelines. The now-advisory Guidelines are "a system under which a set of inputs specific to a given case (the particular characteristics of the offense and offender) yield[s] a predetermined output (a range of months within which the defendant

---

[1] The Indictment contained a separate count seeking forfeiture of the Glock and ammunition. This forfeiture count also described the Glock as a "machinegun."

- 3 -

could be sentenced)." Peugh v. United States, 133 S. Ct. 2072, 2079 (2013). We commend those readers interested in a general overview of how the Guidelines work to the succinct and informative rundown in United States v. Serrano-Mercado, 784 F.3d 838 (1st Cir. 2015).

For our purposes today, it is enough to know that the Guidelines take into account any past crimes a defendant has been convicted of, with the idea being that "[t]he more severe the criminal history," the lengthier the sentence. Serrano-Mercado, 784 F.3d at 840. A defendant who is over 18 at the time he commits a "felony that is either a crime of violence or a controlled substance offense," and who "has at least two prior felony convictions of either a crime of violence or a controlled substance offense," is a Career Offender. U.S.S.G. § 4B1.1(a). A Career Offender is considered to have the most severe criminal history provided by the Guidelines. Id. § 4B1.1(b). The practical effect is that a Career Offender generally receives a longer sentence for a particular crime (which, remember, must be either a "crime of violence" or a "controlled substance offense") than a non-Career Offender would get for that same crime.

So, to figure out whether a particular defendant is a Career Offender, it's necessary to know first whether that defendant is being sentenced following a conviction for a crime of violence or a controlled substance offense. If he is, the next

question to answer is whether that defendant "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Id. § 4B1.1(a). Towards that end, a defendant and the government might stipulate in a plea agreement as to which (and how many) crimes a defendant has committed in the past.

But the Plea Agreement here -- which seems to assume that felon in possession is a crime of violence -- is silent in that regard. Instead, Soto-Rivera and the government calculated potential sentence lengths both with and without considering him to be a Career Offender. The Plea Agreement indicates that Soto-Rivera faced 77-96 months in prison if he was found to be a Career Offender, and some shorter amount of time if he turned out not to be one.[2]

Further, Soto-Rivera conceded in the Plea Agreement that the government would have proven at trial that he had been caught with a firearm "modified to fire automatically, that is, as a machine gun." He also admitted that he knew about the Glock's modifications, and that he already had a prior felony conviction on his record when he was caught with the gun. A district judge, after questioning Soto-Rivera at a change of plea hearing, accepted

_____

[2] According to the Agreement, if not a Career Offender, Soto-Rivera's sentencing range would be 51-63 months, 57-71 months, or 70-87 months, depending on his exact number of prior convictions.

- 5 -

his guilty plea after finding it to be "knowing and voluntary," as well as "supported by an independent basis in fact . . . ."

When it came time for sentencing, Soto-Rivera did not object to being classified as a Career Offender. Indeed, working off the 77-96 month Career Offender range the parties calculated in the Plea Agreement, his own attorney asked for a 77-month sentence. The government went the other way and asked for a top-of-the-range sentence of 96 months.

The sentencing judge stated (without objection) that two of Soto-Rivera's past convictions were "for the manufacture, delivery or possession with intent to distribute or to deliver controlled substances[,] and conspiracy to do that." In the judge's view, these two crimes were "controlled substance offenses" counting towards Career Offender status. The judge then stated in conclusory fashion that Soto-Rivera's latest conviction for felon in possession of a firearm "is considered a crime of violence." Taking into account Soto-Rivera's two prior controlled substance convictions, the judge announced he "is considered a career offender."

Further, though the parties had come up with a Career Offender range of 77 to 96 months, the sentencing judge's

calculation differed. He pegged the Guidelines range as between 92 and 115 months.[3]

Taking into account the circumstances of the crime and Soto-Rivera's criminal history, the sentencing judge found that the parties' recommended Guidelines range (77-96 months) "does not reflect the seriousness of the offense, does not promote respect for the law, does not protect the public from further crimes by [Soto-Rivera] and does not address the issues of deterrence and punishment." Instead, the sentencing judge concluded that the middle of the 92-155 month range he had calculated would be appropriate, and sentenced Soto-Rivera to 108 months behind bars.

This timely appeal followed.

**STANDARD OF REVIEW**

Soto-Rivera did not object to the district court treating him as a Career Offender before, at, or following sentencing. Yet this is exactly the issue he raises on appeal, as he says that he shouldn't have been sentenced as a Career Offender.

Usually, Soto-Rivera's failure to object in the district court would lead us to find the issue forfeited and we would review for plain error only. But the government has declined to make a

---

[3] Soto-Rivera does not take issue with this range on appeal. In fact, he says it's the parties who miscalculated the Guidelines range in their Plea Agreement.

forfeiture argument. In fact, at oral argument it explicitly called for us to apply "de novo review."

So, in accordance with our precedent and the government's own request, we will review the issue as if it had been properly preserved. See United States v. Tapia-Escalera, 356 F.3d 181, 183 (1st Cir. 2004) (declining to apply plain error review to a forfeited argument where the government failed to request plain error review); see also United States v. Paulino-Guzman, 807 F.3d 447, 450 n.5 (1st Cir. 2015) (reviewing the substantive reasonableness of the appellant's sentence for abuse of discretion, despite the appellant's forfeiture of any objection at the district court, because the government did not seek plain error review on appeal).

"We review the district court's interpretation and application of the sentencing guidelines de novo . . . ." United States v. Tavares, 705 F.3d 4, 24 (1st Cir. 2013) (quoting United States v. Cortés-Cabán, 691 F.3d 1, 26 (1st Cir. 2012)). Soto-Rivera's specific challenge is to the sentencing judge's determination that he is a Career Offender because the crime to which he pleaded guilty -- felon in possession of a firearm -- is a crime of violence within the meaning of the Guidelines. Figuring out whether the Guidelines define a particular offense as a crime of violence "poses a purely legal question," so we review that

particular issue de novo, too.  United States v. Velázquez, 777 F.3d 91, 94 (1st Cir. 2015).

**ANALYSIS**

**A.**

This appeal is all about Soto-Rivera's sentence, not his conviction.  We must determine whether being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) is a "crime of violence" under the Career Offender provisions in the Guidelines.[4] Soto-Rivera says that, thanks to an opinion handed down by the Supreme Court while his appeal was pending, Johnson v. United States, 135 S. Ct. 2551 (2015), his admitted possession of a generic "firearm" does not constitute a "crime of violence" under the Guidelines.[5]  The government, not surprisingly, disagrees and offers us a path to affirming the sentence.

---

[4] As a reminder, the Guidelines say that

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).  Soto-Rivera makes no argument that he was under 18 at the time he was caught with his Glock.

[5] Soto-Rivera separately asserts that there was insufficient evidence before the sentencing judge to establish that he had already been convicted of two predicate crimes, meaning either

- 9 -

But before we can get into the specifics of the parties' arguments, we need to give some details about how the Guidelines define a "crime of violence."  And we must look at exactly what Soto-Rivera pleaded guilty to.  After doing this we will be able to unpack and consider Soto-Rivera's Johnson-based arguments.

According to the Guidelines,

[t]he term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (emphasis added).  The emphasized language, which has come to be known as the "residual clause," is the key to this appeal.

Now, Soto-Rivera pled guilty to possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  This statute states that it is unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year[,] . . . to . . . possess in or affecting commerce, any

---

crimes of violence or controlled substance offenses.  We do not reach this argument.

- 10 -

firearm or ammunition . . . ." 18 U.S.C. § 922(g)(1). If this crime is not a crime of violence, it would follow that Soto-Rivera may not be sentenced as a Career Offender.

## B. Initial Arguments

In his opening brief, Soto-Rivera argues that being a felon in possession of a firearm is not an offense that contains an element requiring the use, attempted use, or threat of the use of physical force against another. And, seemingly conceding that a conviction for the possession of a machinegun would qualify as a crime of violence, Soto-Rivera says that though "a post-conviction determination was made finding the gun to be a 'machine gun,'" the crime of which he was actually convicted -- illegal possession of a firearm -- is "not an offense involving a hazardous weapon." Accordingly, he argues that mere possession of a generic firearm does not qualify as a crime of violence under the residual clause because simply possessing a firearm does not pose a serious potential risk of injury to anyone.

In rejoinder, the government says that Soto-Rivera's crime, although it doesn't contain the use, attempted use, or threatened use of force as an element, nevertheless involves conduct that presents a serious potential risk of physical injury to another given that Soto-Rivera's firearm was a machinegun. The government, therefore, urges us to find that Soto-Rivera's offense

of conviction falls within the residual clause's rather expansive definition of a crime of violence.

## C.  Post-Johnson Briefing

After the parties' briefs came in, the Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015).  Johnson involved a void-for-vagueness challenge to the federal Armed Career Criminal Act ("ACCA"), which, like the Guidelines, provides for lengthier sentences for certain defendants based on their criminal histories.  In this regard, the ACCA contains a residual clause that is almost identical to the one found in the Guidelines.  See id. at 2555-56 (recognizing the ACCA's "residual clause" includes any felony that "'involves conduct that presents a serious potential risk of physical injury to another'" (quoting 18 U.S.C. § 924(e)(2)(B))).  The Johnson Court ultimately held that the ACCA's residual clause is void for vagueness and that "[i]ncreasing a defendant's sentence under the clause denies due process of law." Id. at 2557.[6]

We afforded the parties an opportunity to submit supplemental briefs addressing Johnson's effect, if any, on this appeal.  Soto-Rivera argued that Johnson's reasoning applies equally to the Guidelines, rendering the Guidelines's residual

---

[6] As will be made clear, the reasoning leading to the Supreme Court's holding is of no particular import in this appeal.  The only thing that matters for today's analysis is that the Supreme Court invalidated the ACCA's residual clause.

clause unconstitutionally vague and invalid as well. And since he was found to be a Career Offender by virtue of that residual clause, Soto-Rivera tells us his sentence cannot stand.

In its supplemental brief, the government said it "acknowledge[d]" that the Guidelines's residual clause "is unconstitutionally vague based on Johnson," and so it "no longer holds the position that [Soto-Rivera's sentence] should be affirmed" based on the residual clause. Thus, for purposes of this appeal, the government concedes that it violates due process to utilize the Guidelines's residual clause to classify a defendant as a Career Offender and thereby impose a longer sentence.

Nevertheless, the government says we may affirm Soto-Rivera's sentence even without the residual clause. We can do this, it says, because the residual clause is not the only route leading to sentencing Soto-Rivera as a Career Offender. According to the government, we may rely on commentary explaining and further expanding upon U.S.S.G. § 4B1.2's definition of "crime of violence."[7]

---

[7] Guidelines commentary, the Supreme Court has explained, "may serve these functions: commentary may 'interpret [a] guideline or explain how it is to be applied,' 'suggest circumstances which . . . may warrant departure from the guidelines,' or 'provide background information, including factors considered in promulgating the guideline or reasons underlying promulgation of the guideline.'" Stinson v. United States, 508 U.S. 36, 41 (1993) (quoting U.S.S.G. § 1B1.7).

Specifically, Application Note 1 to § 4B1.2 states that "'[c]rime of violence' does not include the offense of unlawful possession of a firearm by a felon, unless the possession was of a firearm described in 26 U.S.C. § 5845(a)." U.S.S.G. § 4B1.2, Application Note 1. The referenced statute, § 5845(a), provides various definitions of the term "firearm," and it explicitly includes "machinegun[s]" within the word's meaning. 26 U.S.C. § 5845(a)(6). Because Soto-Rivera admits that he possessed a machinegun, and because § 5845(a)(6) clearly refers to "machineguns," Application Note 1, therefore, provides a basis completely independent of the residual clause for applying the Career Offender enhancement. Or so the government's argument goes.

## D. Discussion

First things first. Based on the government's concession that Johnson's reasoning applies just as well to the Guidelines as to the ACCA -- the correctness of which we do not consider -- we find that Soto-Rivera's Career Offender status may not be predicated upon the Guidelines's residual clause.[8] In other

---

[8] We have yet to decide whether Johnson renders the residual clause in the Guidelines unconstitutional as well. See United States v. Castro-Vazquez, 802 F.3d 28, 38-39 (1st Cir. 2015) (expressly declining to address the issue). Given that the government has explicitly waived any reliance on it here, this is not the case for us to opine on the issue either. Moreover, on January 8, 2016, the Sentencing Commission adopted a preliminary amendment to U.S.S.G. § 4B1.2 ("Preliminary Amendment") that deletes the residual clause. See Amendment to the Sentencing Guidelines (Preliminary) (Jan. 8, 2016) (available at

words, we may not rely on the residual clause to find that felon in possession of a firearm is a crime of violence.

With the residual clause out of the picture, the government is wholly reliant upon Guidelines commentary -- the above-described Application Note 1 to § 4B1.2 -- to support its position. The government directs our attention to the Supreme Court's teaching that commentary "interpret[ing] or explain[ing] a [G]uideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that [G]uideline." Stinson v. United States, 508 U.S. 36, 38 (1993). The implication is that because Application Note 1 includes possession of a machinegun as a "crime of violence," and since Soto-Rivera admitted that his modified Glock was a machinegun, Application Note 1 compels the conclusion that Soto-Rivera pled guilty to a crime of violence.

But the government fails to analyze whether Application Note 1 has become inconsistent with its corresponding Guideline if Johnson dictates that we excise the residual clause.[9] This is a

---

http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20160108_RF.pdf (last accessed January 20, 2016)). The Preliminary Amendment, however, is not scheduled to go into effect until August 1, 2016.

[9] The government also seemingly fails to recognize that, while the Guidelines were binding on the Courts when Stinson was decided, see Stinson, 508 U.S. at 42, this is no longer the case, see United States v. Booker, 543 U.S. 220, 245 (2005) (holding that the Guidelines must be "effectively advisory" in order to survive a

significant oversight because (as Soto-Rivera points out) "[G]uideline commentary is not always to be taken as gospel." United States v. Meléndez-Rivera, 782 F.3d 26, 30 (1st Cir. 2015). "[W]here commentary is inconsistent with [Guidelines] text, text controls." United States v. Shell, 789 F.3d 335, 340 (4th Cir. 2015) (citing Stinson, 508 U.S. at 43). See also Stinson, 508 U.S. at 43 (explaining that if "commentary and the guideline it interprets are inconsistent in that following one will result in violating the dictates of the other, the Sentencing Reform Act itself commands compliance with the guideline" rather than the commentary (citing 18 U.S.C. §§ 3553(a)(4), (b))).

The government's argument requires us to look back at the applicable Guideline, U.S.S.G. § 4B1.2(a), and consider whether or not Application Note 1 is consistent with § 4B1.2(a)'s text in the absence of the residual clause. Excising the clause from § 4B1.2(a) leaves us with a definition of "crime of violence" that looks like this:

> The term "crime of violence" means any offense under federal or state law, punishable by

constitutional challenge). Today, courts are to "give 'respectful consideration' to the now-advisory Guidelines (and their accompanying policy statements)," Pepper v. United States, 562 U.S. 476, 501 (2011) (quoting Kimbrough v. United States, 552 U.S. 85, 101 (2007)), but "may in appropriate cases impose a non-Guidelines sentence," id. (citing Kimbrough, 552 U.S. at 109-10). Because the government's position fails on its own terms (i.e., even if we assume arguendo that commentary is binding), we need not analyze the proper role of Guidelines commentary after Booker.

imprisonment for a term exceeding one year, that --

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, [or] involves use of explosives.

With § 4B1.2(a) stripped of its residual clause, the government's position that we may rely on Application Note 1 to uphold Soto-Rivera's designation as a Career Offender is hopeless. In order to qualify, Soto-Rivera would have had to have pled guilty to committing a "crime of violence." But, Soto-Rivera did nothing more than admit to mere possession of a machinegun. Passive possession of a firearm (even one as potentially dangerous as a machinegun) is not a crime that includes -- as an element that must be proved by the government -- the use, attempted use, or threatened use of physical force. The lack of such an element means that it does not constitute a crime of violence under U.S.S.G. § 4B1.2(a)(1). Moreover, such possession is clearly not one of those specifically-enumerated crimes listed in U.S.S.G. § 4B1.2(a)(2). Thus, in the absence of the residual clause, there is nothing within § 4B1.2(a)'s text to serve as an anchor for Application Note 1's inclusion of possession of a machinegun within the definition of crime of violence.

This leaves the government with its argument that we may utilize Application Note 1 as an independent basis for a finding

- 17 -

of Career Offender status.  Yet, doing so would be inconsistent with the post-Johnson text of the Guideline itself.  By its clear language, once shorn of the residual clause § 4B1.2(a) sets forth a limited universe of specific offenses that qualify as a "crime of violence."  There is simply no mechanism or textual hook in the Guideline that allows us to import offenses not specifically listed therein into § 4B1.2(a)'s definition of "crime of violence."  With no such path available to us, doing so would be inconsistent with the text of the Guideline.  Accordingly, we find ourselves in one of those situations in which Guidelines commentary should not be "taken as gospel," Meléndez-Rivera, 782 F.3d at 30, and we reject the government's attempt to make use of U.S.S.G. § 4B1.2(a)'s Application Note 1 to expand upon the list of offenses that qualify for Career Offender status.

Finally, the government's reliance on an unpublished opinion from a sister circuit, Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015) (unpublished), is unavailing.  True enough, Beckles was decided post-Johnson and determined that unlawful possession of a sawed-off shotgun continues to count as a crime of violence.  Beckles, 616 F. App'x at 416.  Johnson, Beckles concluded, did not bar this result because "Johnson says and decided nothing about career-offender enhancements under the Sentencing Guidelines or about the Guidelines commentary underlying Beckles's status as a career-offender."  Id.

After limiting Johnson to sentences imposed under the ACCA, Beckles turned to the Guidelines and explicitly relied on U.S.S.G. § 4B1.2's Application Note 1 (which, as we said, is tied to the residual clause) to conclude that possession of a sawed-off shotgun constitutes a crime of violence. To reach this conclusion, Beckles cited and relied on circuit precedent, United States v. Hall, 714 F.3d 1270 (11th Cir. 2013), for the proposition that "the Guidelines commentary in U.S.S.G. § 4B1.2 is binding and, thus, . . . possession of a sawed-off shotgun qualifies as a 'crime of violence.'" Id. at 416 (citing Hall, 714 F.3d at 1274).

In the pre-Johnson Hall case, the Eleventh Circuit was "asked to decide whether an offense [i.e., possession of a sawed-off shotgun] qualifies as a 'crime of violence' under the [Guidelines's] residual clause." Hall, 714 F.3d at 1273 (emphasis added). Thus, Hall determined that, thanks to the Guidelines's residual clause, possession of a sawed-off shotgun is a crime of violence because it "involve[s] conduct that presents a serious potential risk of physical injury to another." See id. at 1274. It is evident, then, that after rejecting the notion that Johnson is controlling, Beckles did no more than reaffirm Hall. Beckles, 616 F. App'x at 416 ("Our decision in Hall remains good law and continues to control in this appeal.").

We need not opine as to whether we believe Beckles was correctly decided. This is because the government has expressly

- 19 -

conceded that Johnson invalidated the residual clause in the Guidelines. Since Beckles (like Hall before it) was grounded in the very language which the government itself now says must be excised from the Guidelines, Beckles's reasoning and rationale are inapposite here. Thus, the Eleventh Circuit's opinion provides no comfort for the government.[10]

## E. Recap

In sum, the government's arguments that we may affirm the district court's finding that Soto-Rivera pleaded guilty to a crime of violence fail. We agree with Soto-Rivera that, in the absence of the residual clause, there is no textual hook in Guidelines § 4B1.2(a) to allow for the conclusion that his possession of a firearm constituted a crime of violence. It follows that the Guidelines's Career Offender provisions do not apply, and that Soto-Rivera should not have been sentenced as a Career Offender. Accordingly, we must vacate the sentence and

---

[10] Though not cited by the government, the Eleventh Circuit has issued a published opinion dealing with this topic. In United States v. Matchett, 802 F.3d 1185, 1189 (11th Cir. 2015), our sister circuit concluded that the now-advisory Guidelines (including their residual clause) cannot be unconstitutionally vague because the void-for-vagueness doctrine central to Johnson "applies only to laws that prohibit conduct and fix punishments, not advisory guidelines." We have no need to consider the Eleventh Circuit's reasoning (which appears well on its way to becoming a minority view, see note 12, infra) in light of the government's concession as to the unavailability of the residual clause.

remand for Soto-Rivera to be resentenced without being subject to the Guidelines's Career Offender provisions.[11]

As we said at the outset, our ruling is narrow. We hold only that, in light of the government's concession that Johnson invalidates the residual clause in Guidelines § 4B1.2(a)(2), Application Note 1 has become inconsistent with the remaining text of the Guideline itself. Therefore, the commentary provides no basis for us to conclude that Soto-Rivera's crime of conviction, felon in possession of a firearm, falls within § 4B1.2(a)(2)'s definition of "crime of violence." The correctness of the government's concession as to Johnson's impact on the Guidelines is something we need not and do not consider here.[12] See Evans-

---

[11] We recognize that the Sentencing Commission's Preliminary Amendment discussed in note 8, supra, does more than just delete the residual clause. It amends U.S.S.G. § 4B1.2(a)(2) to include "unlawful possession of a firearm described in 26 U.S.C. § 5845(a)" -- that would include a machinegun -- within the meaning of "crime of violence."

Even if we make the two-part assumption that the Preliminary Amendment becomes effective as-drafted on August 1, 2016, and that the new text provides a basis for concluding that felon in possession of a firearm may constitute a crime of violence in at least some circumstances, it still would not be clear that the Preliminary Amendment would justify increasing Soto-Rivera's sentence. After all, the Supreme Court has clearly held that "there is an ex post facto violation when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense." Peugh, 133 S. Ct. at 2078.

[12] Indeed, our court has yet to weigh in on this topic, see Castro-Vazquez, 802 F.3d at 38 ("We do not decide whether the

- 21 -

García v. United States, 744 F.3d 235, 239 (1st Cir. 2014) ("This is not to say that a government concession necessarily results in an opinion adopting the conceded position."); see also id. at 237-38 ("We generally do not rule on questions -- whether of fact or of law -- until a district court has done so . . . .").

**CONCLUSION**

For the foregoing reasons, Soto-Rivera's sentence is hereby **vacated** and this matter is **remanded** to the district court for resentencing consistent with this opinion.

---

residual clause of the [G]uidelines fails under Johnson."), and this case does not provide a vehicle for doing so in light of the government's concession. In addition to noting the proposed deletion of the residual clause, we also point out that several other circuits have either concluded or implied that Johnson invalidated it. See United States v. Madrid, 805 F.3d 1204, 1210-11 (10th Cir. 2015) (holding the residual clause in the Guidelines unconstitutional in light of Johnson); United States v. Taylor, 803 F.3d 931, 933 (8th Cir. 2015) (per curiam) (remanding for the district court to analyze Johnson's impact on the Guidelines in the first instance, but recognizing that "[a]lthough the [G]uidelines are not statutes, district courts must consider them," and so the notion "that the [G]uidelines cannot be unconstitutionally vague because they do not proscribe conduct is doubtful after Johnson"); United States v. Harbin, 610 F. App'x 562, 562-63 (6th Cir. 2015) (per curiam) (stating that the appellant, whose sentence had been enhanced under the Guidelines's Career Offender provisions, is "entitled to the same relief as offenders sentenced under the residual clause of the ACCA" post-Johnson, and remanding for resentencing).