**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 14-1277

UNITED STATES OF AMERICA,

Appellee,

v.

YAMIL DAVILA-LOPEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Lynch, Kayatta, and Barron,
Circuit Judges.

Thomas Trebilcock-Horan and Trebilcock & Rovira, LLC on brief for appellant.
Julia M. Meconiates, Assistant U.S. Attorney, Mariana E. Bauzá-Almonte, Assistant U.S. Attorney, Chief, Appellate Division, and Rosa Emilia Rodríguez-Vélez, U.S. Attorney, on brief for appellee.

May 22, 2017

**LYNCH**, **Circuit Judge**.  In this sentencing appeal, defendant Yamil Davila-Lopez raises two issues: (1) whether the district court committed procedural error by denying him a two-level reduction under the Guidelines pursuant to U.S.S.G. § 3B1.2, and (2) whether the sentence ultimately imposed by the district court is substantively unreasonable.  Both of Davila-Lopez's claims lack merit, and we affirm his sentence of 135 months' imprisonment.

Nonetheless, we remand to allow the district court to consider anew whether to grant Davila-Lopez's post-appeal motion for a sentence reduction, which he has apparently requested in light of an amendment to the Guidelines that took effect after he was sentenced, see U.S.S.G. Manual app. C, amend. 782 (2014), and which the district court granted while this appeal was pending. We vacate for want of jurisdiction the district court's order granting that reduction in the first instance.

I.

Davila-Lopez worked in a variety of capacities for a drug-trafficking organization, which, between 2005 and 2010, imported cocaine and heroin into Puerto Rico and the continental United States from the Dominican Republic on board luxury yachts equipped with secret compartments designed to hide contraband. Davila-Lopez participated as a transporter in at least two trips to and from the Dominican Republic, during which he helped smuggle

- 2 -

$2-3 million in narcotics. Davila-Lopez also lent his skills as an engineer to the organization by constructing the secret compartments used to hide drugs and money on the yachts. Finally, Davila-Lopez stored drugs and drug proceeds for the organization at his residence.

On August 23, 2013, Davila-Lopez pled guilty to both counts of an indictment charging him with conspiracy to import cocaine into the United States, in violation of 21 U.S.C. §§ 952(a) and 963, and conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The United States Probation Office filed a Presentence Report ("PSR") on December 4, 2013. The PSR's calculation of Davila-Lopez's sentence began with a Base Offense Level ("BOL") of 38 because his offenses involved at least 150 kilograms of cocaine. See U.S.S.G. § 2D1.1(c). With a three-level reduction for acceptance of responsibility, see id. § 3E1.1(a)-(b), Davila-Lopez's Total Offense Level ("TOL") was set at 35, which, combined with a Criminal History Category of I, yielded a Guideline Sentencing Range ("GSR") of 168 to 210 months.

Davila-Lopez did not file any written objections to the PSR. Before his sentencing hearing, he filed a motion requesting that the district court grant him a two-level reduction applicable when the defendant's role in the relevant criminal activity was "minor." Id. § 3B1.2(b). The district court denied the motion in

a line order, and when defense counsel renewed the request at sentencing, the court denied it again from the bench.

The court did grant Davila-Lopez a different two-level reduction, assented to by the government, because he met the criteria for the safety valve set forth in U.S.S.G. § 5C1.2. The court's remaining calculations mirrored those set forth in the PSR. With a resulting TOL of 33, Davila-Lopez's GSR was determined to be 135 to 168 months and, after considering the § 3553(a) factors, the court imposed a bottom-end sentence of 135 months' imprisonment.

## II.

On appeal, Davila-Lopez first claims that the court erred in denying him the minor role reduction. He argues that he should not be viewed as a major player in the drug-trafficking organization, as there is no evidence that he "had any proximity [to] the [organization's] ringleaders" or "negotiated the[] purchase or sale" of the organization's narcotics. Instead, he argues, he was "a mere transporter" who "served as a mechanic and handy man for the organization and offered his residence" for the storage of contraband -- a far cry from a "leader."

"A defendant bears the burden of proving his entitlement to a minor participant reduction by a preponderance of the evidence." United States v. Meléndez-Rivera, 782 F.3d 26, 28 (1st Cir. 2015). To prevail in this appeal, Davila-Lopez must show

that the district court's finding that he did not satisfy that burden was clearly erroneous. Id. at 29. He cannot make this showing.

The district court emphasized, and it is undisputed, that (1) Davila-Lopez helped smuggle approximately 860 kilograms of cocaine into Puerto Rico during two separate trips, (2) he used his specialized skills to "creat[e] or construct[] the hidden compartments" in the vessels that the "smuggling venture" relied on to "be successful," and (3) he permitted the conspirators -- and was sufficiently trusted by them -- to store drugs and proceeds at his home prior to their reaching their final destination. "A determination of a defendant's role in [an] offense is invariably fact-specific," id., and, on these uncontested facts, the court was certainly justified in concluding that Davila-Lopez's contributions to the criminal enterprise were too significant for his role to be deemed "minor."

Davila-Lopez's insistence that he was not among the organization's "leader[s]" does not make the court's finding erroneous. See id. ("[A] defendant need not be the key figure in a conspiracy in order to be denied [the minor role reduction]."); United States v. García-Ortiz, 657 F.3d 25, 29-30 (1st Cir. 2011) ("The fact that [other participants] may be more culpable than the defendant does not necessarily mean that the defendant's role in the offense is minor."); see also, e.g., United States v. Vargas,

560 F.3d 45, 50 (1st Cir. 2009) (affirming the denial of the reduction where the defendant truck driver delivered a single shipment of cocaine but had no "involvement in [any] other facet[] of the conspiracy"); United States v. Santos, 357 F.3d 136, 143 (1st Cir. 2004) ("[E]ven those who serve purely and simply as drug couriers are not automatically guaranteed mitigating role reductions.").

Davila-Lopez's second claim on appeal -- that his sentence is substantively unreasonable -- is easily dispatched. Davila-Lopez did not object to his sentence before the district court, but we need not decide whether plain error review applies because Davila-Lopez's argument fails even under the abuse of discretion standard applicable to preserved challenges to substantive reasonableness. See United States v. Ruiz-Huertas, 792 F.3d 223, 228 (1st Cir. 2015).

Davila-Lopez's argument is essentially that the district court did not afford adequate weight to the "mitigating factors" he presented in support of his request for the "minimum possible sentence" -- namely, that his role in the organization was, by his account, minor and that his wife was in the process of receiving treatment for cancer.

The district court did not abuse its discretion in denying Davila-Lopez's request for a variance to the statutory minimum sentence, rather than a Guidelines sentence. Indeed, after

considering the role Davila-Lopez played in the criminal activity, the court considered his personal history and characteristics -- including mitigating circumstances, such as his family ties, lack of substance abuse, and otherwise clean criminal record -- and concluded that "punishment and deterrence" would be sufficiently afforded by a sentence at the minimum boundary of the properly calculated GSR. See 18 U.S.C. § 3553(a); see also United States v. Llanos-Falero, 847 F.3d 29, 36 (1st Cir. 2017) (sentences "well within the Guidelines range" are presumptively reasonable). While the court did not find that Davila-Lopez's wife's medical treatment warranted a variance below the GSR, it did grant him the right to voluntarily surrender one week after the sentencing hearing, when his wife would be more fully "recuperated from her surgical operations."

Ultimately, "[a] sentencing court is under a mandate to consider a myriad of relevant factors, but the weighting of those factors is largely within the court's informed discretion." United States v. Clogston, 662 F.3d 588, 593 (1st Cir. 2011). Davila-Lopez seeks merely to "substitute his judgment for that of the sentencing court," and that is not a basis for a finding of error. Id. The district court did not impose a substantively unreasonable sentence.

Davila-Lopez's sentence of 135 months' imprisonment is affirmed.

III.

The docket of the district court reveals events post-dating the filing and pre-dating the resolution of this appeal that bear on our disposition.[1]

After Davila-Lopez filed his appeal, the Guidelines were amended, with retroactive effect, in a manner that lowered the BOL applicable to the offenses of conviction in this case. See U.S.S.G. Manual app. C, amends. 782, 788 (2014); United States v. Rodríguez-Milián, 820 F.3d 26, 35 (1st Cir.), cert. denied, 137 S. Ct. 138 (2016) (mem.). Despite the fact that his appeal to this court was pending, Davila-Lopez moved, in the district court, for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The parties then jointly filed a memorandum with the district court stipulating to a revised sentence of 108 months -- the bottom end of the GSR of 108 to 135 months that would apply if the Guidelines amendment were given effect and no other changes were made to the court's earlier calculations.

---

[1] In dereliction of their duties to this court, the parties did not bring these developments to our attention; it is only because they appear on the district court's docket that we are aware of them. See Fed. R. App. P. 12.1(a) ("If a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending, the movant must promptly notify the circuit clerk if the district court states . . . that it would grant the motion . . . ." (emphasis added)).

- 8 -

The district court did not have jurisdiction over Davila-Lopez's motion, notwithstanding the parties' stipulation, because this court had assumed appellate jurisdiction over Davila-Lopez's sentence. See Rodríguez-Milián, 820 F.3d at 35. Nonetheless, the district court erroneously purported to grant that motion, in accordance with the parties' 108-month stipulation. See Fed. R. App. P. 12.1(a) (where a district court lacks jurisdiction over a motion because the matter is pending on appeal, it may indicate "that it would grant the motion or that the motion raises a substantial issue," but it may not grant the motion outright (emphasis added)).

Because the district court lacked jurisdiction, "[t]he putative sentence reduction is . . . a nullity," Rodríguez-Milián, 820 F.3d at 35, and the order granting it is vacated. However, we will construe that order as an indication that the court would grant Davila-Lopez's motion, and we remand the case so that the motion can be properly entertained. See id. at 35-36; see also Fed. R. App. P. 12.1(b). In doing so, we remind the district court that it may "substitute the amended Guidelines range" for the initial range, but it must "'leav[e] all other guideline application decisions unaffected,'" Dillon v. United States, 560 U.S. 817, 821 (2010) (quoting U.S.S.G. § 1B1.10(b)(1)), and otherwise comply with the strictures of U.S.S.G. § 1B1.10(b)(2).

So ordered.