[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13569
Non-Argument Calendar
_____

D.C. Docket Nos. 1:10-cv-23517-CMA,
1:07-cr-20305-CMA-1

TRAVIS BECKLES,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 29, 2015)

**ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES**

Before WILSON, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

In this appeal, Travis Beckles challenged the district court's denial of his counseled 28 U.S.C. § 2255 motion to vacate his sentence.  See Beckles v. United States, 579 F. App'x 833 (11th Cir. 2014) (unpublished).  Beckles argued that he was sentenced improperly as a career offender under U.S.S.G. § 4B1.1; he contends his conviction for unlawful possession of a sawed-off shotgun was no "crime of violence."  Id.  We affirmed the district court's ruling, concluding that Beckles's argument was foreclosed by our decision in United States v. Hall, 714 F.3d 1270 (11th Cir. 2013).  Id.  The Supreme Court has now vacated our decision and remanded the case to us for additional consideration in the light of Johnson v. United States, 135 S.Ct. 2551 (2015).  After additional review, we affirm.

Beckles was sentenced properly as a career offender under U.S.S.G. § 4B1.1.  Beckles had at least two prior felony convictions for drug offenses.  And Beckles's offense of conviction -- unlawful possession of a sawed-off shotgun -- constitutes a "crime of violence" under section 4B1.1.  See U.S.S.G. § 4B1.2 cmt. n.1 (providing expressly that the unlawful possession of "a firearm described in 26 U.S.C. § 5845(a) (e.g., a sawed-off shotgun or sawed-off rifle, silencer, bomb, or machine gun) is a 'crime of violence.'"); Hall, 714 F.3d at 1274 (concluding that

2

the Guidelines commentary in U.S.S.G. § 4B1.2 is binding and, thus, that the possession of a sawed-off shotgun qualifies as a "crime of violence").

The Supreme Court's decision in Johnson -- in which the Supreme Court struck down, as unconstitutionally vague, the residual clause of the Armed Career Criminal Act ("ACCA") -- does not control this appeal.  Beckles was sentenced as a career offender based not on the ACCA's residual clause, but based on express language in the Sentencing Guidelines classifying Beckles's offense as a "crime of violence."  Johnson says and decided nothing about career-offender enhancements under the Sentencing Guidelines or about the Guidelines commentary underlying Beckles's status as a career-offender.

Our decision in Hall remains good law and continues to control in this appeal.  See Atl. Sounding Co., Inc. v. Townsend, 496 F.3d 1282, 1284 (11th Cir. 2007) ("Under our prior panel precedent rule, a later panel may depart from an earlier panel's decision only when the intervening Supreme Court decision is 'clearly on point.'").  Accordingly, we affirm.

AFFIRMED.

3