[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-14597-J

_____

IN RE: EARL BURGEST,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

_____

Before ED CARNES, Chief Judge, HULL and WILLIAM PRYOR, Circuit Judges.

B Y   T H E   P A N E L:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Earl Burgest has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.* § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies

the requirements of this subsection." *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357–58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a prima facie showing that the statutory criteria have been met is simply a threshold determination).

Burgest's application reflects that he wishes to raise one claim in a second or successive motion to vacate, 28 U.S.C. § 2255. Burgest asserts that his claim is based on the new rule of constitutional law announced in *Johnson v. United States*, 576 U.S. ——, 135 S. Ct. 2551, 192 L.Ed.2d 569 (2015), that the definition of violent felony in the residual clause of the Armed Career Criminal Act is unconstitutionally vague, 18 U.S.C. § 924(e)(2)(B)(ii). Burgest argues that the district court violated his due process rights by increasing his sentence under the residual clause of the career offender provision of the United States Sentencing Guidelines, U.S.S.G. §§ 4B1.1, 4B1.2(a), based on his prior convictions in the Florida courts for manslaughter and kidnapping.

The Act defines a violent felony as any crime punishable by imprisonment for a term exceeding one year that: (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; (2) is burglary, arson, or extortion, or involves use of explosives; or (3) otherwise involves conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B); *Mays v. United States*, 817 F.3d 728, 730–31 (11th Cir. 2016). We refer to these three "clauses" as the "elements clause," the "enumerated clause," and the "residual clause," respectively. *Mays*, 817 F.3d at 731.

Section 4B1.1 of the Sentencing Guidelines provides that a defendant is classified as a career offender if he (1) was at least 18 years old at the time of the offense of conviction; (2) the offense of conviction was either a crime of violence or a controlled-substance offense; and (3) he

2

had at least two prior felony convictions of either a crime of violence or a controlled-substance offense. U.S.S.G. § 4B1.1(a). The guidelines define "crime of violence" as any offense under federal or state law that is punishable by imprisonment for more than one year and:

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* § 4B1.2(a).

To the extent Burgest relies on *Johnson* to invalidate his sentence under the Guidelines, his claim fails. We have held that *Johnson* does not apply to the Guidelines for the purpose of obtaining permission to file a second or successive motion. *See In re Griffin*, No. 16–12012, ⎯⎯ F.3d ⎯⎯, 2016 WL 3002293 (11th Cir. May 25, 2016). The Supreme Court granted certiorari recently in *Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, No. 15– 8544, ⎯⎯ U.S. ⎯⎯, ⎯⎯S.Ct. ⎯⎯, ⎯⎯ L.Ed.3d ⎯⎯, 2016 WL 1029080 (U.S. June 27, 2016), which presents the issue whether *Johnson* applies to the Guidelines. But because "we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court," *United States v. Vega–Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (internal quotation marks and citation omitted), we are bound to follow *Griffin*.

Even if we were to assume that the new substantive rule announced in *Johnson* also applies to the residual clause of section 4B1.2(a)(2) of the Guidelines, Burgest would not be entitled to relief. In *Johnson*, the United States Supreme Court clarified that its decision declaring the residual clause void for vagueness did not call into question the validity of the elements clause or the

3

enumerated clause in the Act. 135 S. Ct. at 2563. Burgest was classified as a career offender based on his two prior convictions for manslaughter and kidnapping. Both offenses are categorically crimes of violence. The commentary to section 4B1.2 states that "'crime of violence' includes . . . manslaughter [and] kidnapping . . . " U.S.S.G. § 4B1.2 n.1. And we have recognized, based on the decision of the Supreme Court in *Stinson v. United States*, 508 U.S. 36, 38, 113 S. Ct. 1913, 1915, 123 L.Ed.2d 598 (1993), that "the definition of "crime of violence" provided by the Guidelines commentary is authoritative." *United States v. Hall*, 714 F.3d 1270, 1274 (11th Cir. 2013). The enhancement of Burgest's sentence would be valid regardless of whether *Johnson* renders the residual clause in the Guidelines unconstitutional.

Burgest has failed to make a prima facie showing that he is entitled to relief. *See* 28 U.S.C. § 2244(b)(3)(C). His application for leave to file a second or successive motion to vacate is DENIED.

**APPLICATION DENIED**.

4