Danny C. Reeves, United States District Judge
This matter is pending for consideration of Defendant Andre Deshawn Lundy's second motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 118] On June 6, 2016, this Court transferred Lundy's tendered motion to the United States Court of Appeals for the Sixth Circuit in accordance with 28 U.S.C. § 2244 and Rule 9 of the Rules Governing Section 2255 Proceedings. [Record Nos. 112, 113] On November 17, 2016, the Court of Appeals granted Lundy permission to file a successive petition, and remanded the motion to this Court with instructions to hold the case in abeyance pending the Supreme Court's decision in Beckles v. United States , --- U.S. ----, 136 S.Ct. 2510, 195 L.Ed.2d 838 (2016) (granting petition for a writ of certiorari) (Mem.). [Record No. 116] Lundy filed a supplemental brief addressing his claim for relief under Johnson v. United States , --- U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) [Record No. 120], and this matter was stayed pending resolution in Beckles. [Record No. 121] On March 6, 2017, the Supreme Court issued its decision in Beckles , holding that the advisory sentencing guidelines are not subject to a due process vagueness challenge and, therefore, § 4B1.2(a)'s residual clause is not void for vagueness. Beckles v. United States , --- U.S. ----, 137 S.Ct. 886, 896-97, 197 L.Ed.2d 145 (2017). Because that decision foreclosed Lundy's argument that he is not entitled to relief under Johnson , his motion will be dismissed.
On March 28, 2008, Lundy pleaded guilty to a one-count indictment for possession with the intent to distribute a *970 quantity of pills containing oxycodone, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1). [Record Nos. 53, 54] Following an October 6, 2008, hearing, Lundy was sentenced to 200 months' imprisonment, followed by six years of supervised release. [Record Nos. 79, 83] Lundy received an enhancement under U.S.S.G. § 4B1.2 based on previous state convictions for bank robbery and delivery of controlled substances. Lundy argues that his bank robbery conviction can only be considered a crime of violence under § 4B1.2(a)'s residual clause. [Record No. 112-1 at 4] Because Johnson held a similar, statutory, residual clause void for vagueness, a decision that was made retroactive to cases on collateral review by Welch v. United States , --- U.S. ----, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), Lundy seeks an extension of that rationale to disallow the enhancement he received under the Sentencing Guidelines. [Id. ; Record No. 120 at 3]
The Supreme Court took up this issue directly in Beckles v. United States , and found that Johnson's void for vagueness ruling has no bearing on the United States Sentencing Guidelines. Thus, Beckles foreclosed Lundy's sole claim for relief.* Accordingly, it is hereby
ORDERED as follows:
1. Lundy's motion under 28 U.S.C. § 2255 [Record No. 118] is DISMISSED .
2. This matter is STRICKEN from the docket.
This 7th day of March, 2017.

Because Lundy was not sentenced under the Armed Career Criminal Act, he is entitled to no relief under Johnson and Welch . See Beckles v. United States , 616 Fed.Appx. 415, 416 (11th Cir. 2015), cert. granted, --- U.S. ----, 136 S.Ct. 2510, 195 L.Ed. 2d 838 (2016), and aff'd, --- U.S. ----, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017).