[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11951
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00327-MHC-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEREMY SPENCER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 18, 2017)

Before TJOFLAT, MARCUS, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Jeremy Spencer appeals his 87-month sentence of imprisonment, imposed at the low end of the advisory guideline range, after pleading guilty to one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Spencer argues that his sentence is procedurally unreasonable because the district court erroneously applied several sentencing enhancements in calculating his advisory guideline range. He also argues that the district court imposed a substantively unreasonable sentence by failing to grant a downward variance based on his life history and the circumstances of the offense. After careful review, we affirm Spencer's sentence.

## I. Background

On March 12, 2015, two officers of the Atlanta Police Department pulled over Spencer for driving on a suspended license. During the course of the stop, one of the officers observed Spencer hand a firearm to the front-seat passenger, who then placed the firearm in the glove compartment. After observing the firearm, the officers removed Spencer and the two other occupants from the vehicle and conducted a search.

The search of Spencer's vehicle revealed a Llama .45 ACP caliber handgun with eight rounds of ammunition in the glove compartment and three cellular telephones in the front console. Spencer claimed ownership of the phones and admitted to being a convicted felon. In the back seat, officers recovered a Glock

2

19 9mm handgun, loaded with an extended magazine, and a backpack, which contained a 50-round drum magazine, additional ammunition for the Glock, and 19 small bags of marijuana packaged for sale. According to the presentence investigation report, Spencer admitted to ownership of the backpack. Spencer disputes that fact.

After the traffic stop, Spencer's cell phone was searched pursuant to a warrant. The search revealed over forty photographs of Spencer posing with a variety of firearms.

Spencer was charged with and pled guilty to one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

In anticipation of sentencing, a probation officer prepared Spencer's PSR. The PSR recommended a base offense level of 24 because he had two prior felony convictions for a "crime of violence"—armed robbery under Georgia law. *See* U.S.S.G. § 2K2.1(a)(2). Next, the base offense level was increased by two levels because, based on the cell-phone photographs, he had possessed between three and seven firearms, *see* U.S.S.G. § 2K2.1(b)(1)(A), and by four levels because, based on the marijuana found in the backpack, he had possessed a firearm "in connection with another felony offense," namely possession with intent to distribute marijuana, *see* U.S.S.G. § 2K2.1(b)(6)(B). Finally, his offense level was reduced by three levels for his acceptance of responsibility. U.S.S.G. § 3E1.1(a)–(b). All

3

told, the PSR recommended a total offense level of 27, a criminal-history category of III, and a guideline range of 87 to 108 months of imprisonment.

Before sentencing, Spencer filed objections to the PSR's guideline calculations. He contended that the two-level number-of-firearms enhancement was inappropriate because the government had no evidence to show that the firearms depicted in the photographs from his cell phone were real. With respect to the "in connection with" enhancement, Spencer claimed ignorance of the contents of the backpack, which he stated belonged to his cousin, who was sitting near the backpack and whose wallet and driver's license were found in the backpack. Spencer also asserted that he did not admit ownership of the backpack, contradicting the PSR.

Besides his objections, Spencer moved for a downward departure under U.S.S.G. § 5H1.3 (Mental and Emotional Conditions). Spencer argued that a downward departure was justified pursuant to § 5H1.3 because, at the time of the offense, he was suffering from depression and trauma-related symptoms. He argued that his psychological evaluation, which was included as part of the PSR, showed that he had been brutalized throughout his life by sexual abuse, violence, and familial loss, and he described these incidents in detail. Based on similar considerations, Spencer also moved for a downward variance based on the 18

4

U.S.C. § 3553(a) sentencing factors.  He contended that a 36-month sentence was sufficient to meet the goals of § 3553(a).

At the sentencing hearing, the district court took up Spencer's guideline objections, and the parties presented evidence and argument on these issues.  In support of the number-of-firearms enhancement under § 2K2.1(b)(1)(A), the government introduced color photographs from Spencer's cell phone, which showed Spencer holding various weapons.  Spencer countered that he worked with music artists who often filmed music videos using prop firearms and that there was no evidence that the firearms in the photos were not also props.  The district court overruled Spencer's objection, finding that the markings on the firearms in the photographs, such as make and model information, were sufficient to support a finding that the firearms were real.

Next, the government addressed the "in connection with" enhancement under § 2K2.1(b)(6)(B), calling as a witness one of the officers involved in the stop and search of Spencer's car.  The officer testified that Spencer had admitted that the backpack was his in response to another officer's question.  According to the officer, Spencer also explained that his cousin had put his driver's license in the backpack because they had gone to a nightclub the night before.  In response to the government's evidence, Spencer argued that the backpack was his cousin's, a fact consistent with the backpack's location in the car and the presence of his cousin's

license in the backpack, and that he did not know of the backpack's contents. The district court overruled Spencer's objection, finding by a preponderance of the evidence that Spencer owned the backpack containing marijuana, that possession of the marijuana constituted another felony offense, and that Spencer possessed the Llama handgun in connection with that offense. Accordingly, the court adopted the PSR's guideline calculations and determined a guideline range of 87 to 108 months of imprisonment.

After hearing arguments from the parties and allocution from Spencer, the district court sentenced Spencer to serve 87 months in prison. The court noted that while Spencer had gone through a horrendous childhood, he had committed two violent felonies as a young person, received a 10-year sentence in prison, and then chose to associate with the wrong crowd after his release and to continue to violate the law. Referencing the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence, and to protect the public, in addition to various other § 3553(a) factors, the court determined that 87 months of imprisonment, which was at the low end of the guidelines, was an appropriate sentence. Spencer now appeals.

## II. Procedural Reasonableness

A district court procedurally errs at sentencing "if it improperly calculates the sentencing guidelines range, among other things." *United States v. Almedina*,

686 F.3d 1312, 1314–15 (11th Cir. 2012).  We review the district court's application of the Sentencing Guidelines *de novo* and its factual findings for clear error.  *United States v. Demarest*, 570 F.3d 1232, 1239 (11th Cir. 2009).  A factual finding is clearly erroneous when, after reviewing all of the evidence, we are left with a definite and firm conviction that a mistake has been made.  *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1137 (11th Cir. 2004).

The government bears the burden of proving by a preponderance of the evidence the facts necessary to support a sentencing enhancement.  *United States v. Askew*, 193 F.3d 1181, 1183 (11th Cir. 1999); *United States v. Lawrence*, 47 F.3d 1559, 1566 (11th Cir. 1995).  The government must meet its burden with "reliable and specific evidence."  *Almedina*, 686 F.3d at 1315.  The district court's factual findings may be based on, among other things, undisputed statements in the PSR or evidence presented during the sentencing hearing.  *United States v. Louis*, 559 F.3d 1220, 1224 (11th Cir. 2009).

## A.    *Number-of-Firearms Enhancement*

Section § 2K2.1(b)(1) provides for an offense-level increase based on the number of firearms involved in the offense.  U.S.S.G. § 2K2.1(b)(1).  A two-level increase applies if the offense involved three to seven firearms.  *Id.* § 2K2.1(b)(1)(A).

7

Spencer maintains that the district court erroneously applied this enhancement because there was no evidence to support a finding that the firearms depicted in the photos from his cell phone were real. He asserts that the government conducted no investigation to determine whether the firearms were real as opposed to props like the ones he had used in a music-video production.

The district court did not clearly err in finding that the firearms depicted in the cell-phone photos were authentic. At the very least, the court properly found that two of the depicted firearms were real, as Spencer had pled guilty to possessing one real firearm—the Llama handgun. Some of the photos, as Spencer acknowledges, depicted make and model information on the firearms. And two photos in particular showed identifying information for a Sig Sauer handgun and a Mossberg Maverick 88 12-gauge shotgun. The court reasonably concluded that it was more likely than not that firearms bearing make and model information would be authentic. That finding is also consistent with the two real firearms found in Spencer's car and other photos depicting ammunition and an extended magazine loaded into a handgun.

Even if a possibility existed that the firearms were props, no clear error occurred here because the government presented sufficient evidence to conclude

8

that at least three firearms were more likely than not authentic.[1]  *See United States v. De Varon*, 175 F.3d 930, 945 (11th Cir. 1999) (*en banc*) (factfinder's choice between two permissible constructions of the evidence cannot constitute clear error).  We affirm the district court's application of the § 2K2.1(b)(1)(A) enhancement.  *See Rodriguez-Lopez*, 363 F.3d at 1137.

## B.    Possession "In Connection With" Enhancement

Next, Spencer contends that the district court erred in applying the four-level enhancement for possessing a firearm "in connection with" another felony offense, U.S.S.G. § 2K2.1(b)(6)(B), because there was no evidence that Spencer had any knowledge of the marijuana in the backpack, which Spencer claims was his cousin's.  He contends that the officer's testimony that Spencer claimed ownership of the backpack is not plausible.

A district court's finding that a defendant possessed a firearm "in connection with" another felony offense is generally reviewed for clear error.  *See United States v. Whitfield*, 50 F.3d 947, 949 & n.8 (11th Cir. 1995); *see also United States v. Carillo-Ayala*, 713 F.3d 82, 88 (11th Cir. 2013) ("[W]e generally review a district court's application of [a legal] standard to 'a detailed fact pattern' for clear error.").  Furthermore, we defer to the district court's credibility determinations, unless the credited testimony is contrary to the laws of nature or is so inconsistent

---

[1] As the government pointed out at the sentencing hearing, however, there is reason to doubt whether the firearms used in the music videos actually were props and not real.

9

or improbable on its face that no reasonable factfinder could accept it. *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002).

Section 2K2.1(b)(6)(B) provides a four-level enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). Application Note 14 to § 2K2.1(b)(6)(B) explains that the enhancement can be applied "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." *Id.* § 2K2.1 cmt. n.14(A). We have determined that "[a] firearm found in close proximity to drugs or drug-related items simply '*has*'—without any requirement for additional evidence—the potential to facilitate the drug offense." *Carillo-Ayala*, 713 F.3d at 92 (emphasis in original).

Here, the district court did not clearly err in applying the four-level enhancement under § 2K2.1(b)(6)(B). Spencer does not dispute that he possessed a firearm in close proximity to a backpack containing marijuana packaged for sale. But he argues that the evidence failed to show that he either owned the backpack or knew of its contents. We disagree.

In overruling Spencer's objection to the enhancement, the district court credited the testimony of an officer who was on the scene when the backpack was found. The officer testified that Spencer admitted owning the backpack during the course of the arrest and provided an explanation for why the passenger's

identification was present in the backpack.  Spencer maintains that it defies common sense for him to have admitted ownership of the backpack when it contained a felony amount of marijuana, but it is not at all uncommon for defendants either to consent to a search or to make an admission when it would be in their best interest not to.  The officer's testimony was not so inconsistent or improbable on its face that no reasonable factfinder could accept it.  *See Ramirez-Chilel*, 289 F.3d at 749.  Accordingly, we defer to the court's decision to credit the officer's testimony, which is sufficient to establish that Spencer possessed a firearm in connection with the felony offense of possession with intent to distribute marijuana.  *See Carillo-Ayala*, 713 F.3d at 92; U.S.S.G. § 2K2.1(b)(6)(B).

## C.      *Prior Convictions for Crimes of Violence*

As a final guideline challenge, raised for the first time on appeal, Spencer contends that the district court erred in setting his base offense level at 24, pursuant to U.S.S.G. § 2K2.1(a)(2), by determining that his two prior Georgia armed-robbery convictions qualified as "crimes of violence."  Spencer asserts that his convictions may no longer qualify as crimes of violence under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).[2]

---

[2]    In the 2015 Sentencing Guidelines, which were used to sentence Spencer, § 2K2.1(a)(2) assigns a base offense level of 24 in cases where the defendant committed the instant offense after sustaining at least two felony convictions of either a crime of violence or a controlled-substance offense.  *See* U.S.S.G. § 2K2.1(a)(2).  The term "crime of violence" is defined in § 4B1.2(a).

11

In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act's definition of "violent felony" was unconstitutionally vague. *See id.* at 2557. Spencer maintains that *Johnson*'s holding should likewise be applied so as to invalidate the identically worded residual clause in the guidelines' definition of "crime of violence." *See* U.S.S.G. § 4B1.2(a).

As he concedes, however, we resolved this issue against him in *United States v. Matchett*, 802 F.3d 1185, 1193 (11th Cir. 2016), holding that § 4B1.2's residual clause was not void for vagueness because the vagueness doctrine did not apply to advisory sentencing guidelines. *Id.* at 1194–96. At the time Spencer briefed this case, there was a possibility that *Matchett* would be overruled, since the Supreme Court had granted *certiorari* in *Beckles v. United States*, 616 Fed. App'x 415 (11th Cir. 2015), *cert. granted*, 136 S. Ct. 2510 (2016), to consider the issue of whether the holding in *Johnson* applied to the advisory guidelines. *Beckles* has now been decided, however, and it held that the advisory guidelines are not subject to constitutional vagueness challenges. *Beckles v. United States*, 580 U.S. ___, ___, 2017 WL 855781, at *6, 9 (U.S. March 6, 2017) (No. 15-8544). Accordingly, the district court did not err in assessing a base offense level of 24 pursuant to § 2K2.1(a)(2).

12

### III. Substantive Reasonableness

We review a sentence for reasonableness, which "merely asks whether the trial court abused its discretion." *Rita v. United States*, 551 U.S. 338, 351 (2007). We examine whether the sentence is substantively reasonable under the totality of the circumstances and in light of the sentencing factors listed in 18 U.S.C. § 3553(a). *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).

At sentencing, the district court is tasked with imposing a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2). These purposes include the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). The district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)–(7).

The court must consider all of the § 3553(a) factors, but it may, in its discretion, give greater weight to some factors over others. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). Moreover, "[i]n assigning

weight to the § 3553(a) factors as part of the weighing process, a court may (and should) consider individualized, particularized, specific facts and not merely the guidelines label that can be put on the facts." *Id.* at 1260.

Our review of the district court's choice of sentence is deferential. *Id.* at 1254–55. Nevertheless, a sentencing court can abuse its considerable discretion by (1) failing to afford consideration to relevant factors that were due significant weight; (2) giving significant weight to an improper or irrelevant factor; or (3) committing a clear error of judgment in weighing the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). A district court's unjustified reliance on any one § 3553(a) factor may be indicative of an unreasonable sentence. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006). The party challenging the sentence bears the burden of demonstrating that the sentence is unreasonable "in light of the entire record, the § 3553(a) factors, and the substantial deference afforded to sentencing courts." *Rosales-Bruno*, 789 F.3d at 1256.

Here, Spencer has not demonstrated that his sentence is substantively unreasonable in light of the record and the § 3553(a) factors. The district court considered the PSR and the guideline range, listened to the parties' arguments and Spencer's allocution, expressly referenced the 18 U.S.C. § 3553(a) factors, and

then fully explained the basis for the 87-month sentence by reference to the pertinent § 3553(a) factors.

Spencer's argument that the district court ignored his "devastatingly difficult life," which led him to possess a firearm in fear for his safety, is belied by the record. In fact, the court expressly recognized that Spencer "ha[d] gone through a horrendous childhood. There is no question about it." The court went on to explain, however, that Spencer had served a lengthy prison sentence for committing two armed robberies, and then, upon his release, had chosen to associate himself with those even Spencer concedes were the "wrong people," which in turn led to his conviction in this case. Weighing these concerns, the court found it appropriate to impose a sentence at the low end of the guideline range in order to account for what no one disputes was an extremely harsh upbringing. But the court reasonably concluded that it was not appropriate to go below the guideline range because of the need for the sentence to reflect the seriousness of the offense, to afford adequate deterrence, and to protect the public. *See* 18 U.S.C. § 3553(a)(2)(A)–(C). The weight the court placed on these factors, whether great or slight, was fully within its discretion, and nothing in the record indicates that the court abused its discretion by unreasonable balancing the relevant factors in this case. *See Irey*, 612 F.3d at 1189–90; *Rosales-Bruno*, 789 F.3d at 1256.

Accordingly, Spencer has not shown that the district court abused its discretion in sentencing him to 87 months of imprisonment. And, because the court did not procedurally err in calculating his guideline range, we affirm Spencer's sentence as both procedurally and substantively reasonable.

**AFFIRMED.**