[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14802
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20462-KMM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LEON WOODS, JR.,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 16, 2017)

Before MARTIN, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Leon Woods, Jr. appeals his 105-month sentence, imposed after pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court correctly concluded that Woods's Florida manslaughter conviction was a crime of violence under U.S.S.G. § 4B1.2(a)'s residual clause because this Court's prior precedent establishes the residual clause's constitutional validity and categorically qualifies Florida manslaughter as a crime of violence. For background, see United States v. Matchett, 802 F.3d 1185 (11th Cir. 2015); In re Burgest, 829 F.3d 1285 (11th Cir. 2016). In addition, even if the district court committed error, the error was harmless, as the district court stated that it would impose the 105-month sentence as a reasonable sentence, regardless of any Sentencing Guideline calculation; and the sentence was, in fact, reasonable. For background, see United States v. Keene, 470 F.3d 1347 (11th Cir. 2006).

AFFIRMED.