REBECCA BEACH SMITH, CHIEF JUDGE
This matter comes before the court on the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion"), filed pro se on July 25, 2016. ECF No. 135.[1] The Motion was filed with authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 motion based upon the new rule of constitutional law announced in Johnson v. United States, --- U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). ECF No. 134.
Also before the court is the Petitioner's Request for Oral Argument, filed through counsel on June 16, 2017. ECF No. 144.[2] The court indicated that it would schedule oral argument, if appropriate, following the ruling on an appeal before the Fourth Circuit, which appeal presented the issue of law raised in the Petitioner's Motion. See Order of June 16, 2017, ECF No. 145. The Fourth Circuit has since issued a decision in that case, United States v. Brown, 868 F.3d 297 (4th Cir. 2017), reh'g en banc denied, No. 16-7056 (4th Cir. Feb. 26, 2018).[3] However, after a full examination of the briefs and the record, and given the ruling in Brown, the court has determined that a hearing is unnecessary, as the facts and legal arguments are adequately presented, and the decisional process would not be aided significantly by oral argument.
*518 See Fed. R. Civ. P. 78(b) ; Local Civ. R. 7(J). The Petitioner's Request for Oral Argument, therefore, is DENIED.[4]
I.
The Petitioner's Motion challenges his sentence as a career offender under United States Sentencing Guidelines ("U.S.S.G.") §§ 4B1.1 and 4B1.2, based on the new right recognized in Johnson v. United States, --- U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). Mot. at 4. On July 28, 2016, the court entered an Order staying the proceeding pending a decision by the Supreme Court in Beckles v. United States, 616 Fed.Appx. 415 (11th Cir. 2015), cert. granted, --- U.S. ----, 136 S.Ct. 2510, 195 L.Ed.2d 838 (2016) (No. 15-8544). ECF No. 136. The Supreme Court issued its decision in Beckles on March 6, 2017. See Beckles v. United States, --- U.S. ----, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). This court subsequently warned the Petitioner that the Motion appeared to be untimely, and ordered him to show cause, within thirty (30) days, why the court should conclude otherwise. See Show Cause Order of April 3, 2017, ECF No. 138. The court provided the Petitioner with the relevant provisions of 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, § 105, 110 Stat. 1214 (1996), which imposes a one-year statute of limitations on § 2255 motions.
The Petitioner filed a Response to the Show Cause Order ("Response") on June 1, 2017. ECF No. 143. In the Response, the Petitioner argued that his Motion is timely under 28 U.S.C. § 2255 (f) (3), because "[t]he Johnson decision is directly applicable to Mr. Gadsden's Motion." Resp. at 1. The Petitioner further argued that the Supreme Court's decision in Beckles supports the Motion, stating that, while " Beckles held that Johnson does not apply to challenges to the residual clause under § 4B1.2 for sentences imposed under the advisory guidelines," Beckles"does not preclude void-for-vagueness challenges under Johnson to sentences that were issued pursuant to the mandatory sentencing guidelines in place between 1987 and 2005, under which Mr. Gadsden was sentenced." Resp. at 3.
II.
The Fourth Circuit's ruling in United States v. Brown, 868 F.3d 297 (4th Cir. 2017), reh'g en banc denied, No. 16 7056 (4th Cir. Feb. 26, 2018), is dispositive of the Petitioner's Motion. In Brown, the Fourth Circuit affirmed the dismissal of a § 2255 motion as untimely under 28 U.S.C. § 2255(f) (3), when presented with the same argument raised here. See Brown, 868 F.3d at 298. The petitioner in Brown was designated an armed career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. See id. He, too, argued that the holding in Johnson entitled to him relief under 28 U.S.C. § 2255, and that the holding in Beckles did not preclude such relief, because "the Beckles court carefully limited its holding to the advisory Sentencing Guidelines," and the petitioner was sentenced before the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Brown, 868 F.3d at 302 (emphasis in original). The Fourth Circuit rejected these arguments, explaining that " Johnson only recognized that [the Armed Career Criminal Act]'s residual clause was unconstitutionally *519 vague; it did not touch upon the residual clause at issue here," as found in the United States Sentencing Guidelines. Brown, 868 F.3d at 303. In holding that the § 2255 motion was untimely under 28 U.S.C. § 2255(f) (3), the Fourth Circuit concluded that, "at least for purposes of collateral review, we must wait for the Supreme Court to recognize the right urged by Petitioner." Id. (citing Dodd v. United States, 545 U.S. 353, 359, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005) ).
For the same reasons stated in Brown, the Petitioner's Motion is untimely under 28 U.S.C. § 2255(f) (3), which only permits the filing of a § 2255 motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).
III.
There is no basis for considering the Motion timely filed. The Petitioner filed his Motion more than one year after the judgment became final, see Show Cause Order at 3, so the Motion is untimely under 28 U.S.C. § 2255(f) (1). The Petitioner alleges no unlawful governmental action that prevented him from filing the § 2255 Motion, and the court finds none, so 28 U.S.C. § 2255(f) (2) is inapposite. As discussed herein and in the Show Cause Order, the Motion is not timely pursuant to 28 U.S.C. § 2255 (f) (3). Finally, the Petitioner provides no evidence of newly discovered facts that warrant the application of 28 U.S.C. § 2255(f)(4). The court, therefore, finds the Petitioner's Motion to be time-barred, and it is DISMISSED.
IV.
On March 6, 2018, the Petitioner also filed a "Request for Stay Pending Petition for Certiorari Seeking Review of Denial of Rehearing and Rehearing En Banc by Fourth Circuit Court of Appeals in United States v. Brown" ("Request"). ECF No. 146. In his Request, the Petitioner states that "Brown intends to file a Petition for Writ of Certiorari with the United States Supreme Court," and "[g]iven the relevance of the Supreme Court's ultimate ruling on the Petition for Writ of Certiorari to be filed in Brown," this court should stay the instant case until the Supreme Court renders it decision. See Req. at 2.
However, there is no basis for staying the Petitioner's case. To determine whether a stay is appropriate pending an appeal, this court looks at: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Personhuballah v. Alcorn, 155 F.Supp.3d 552, 558 (E.D. Va. 2016) (quoting Hilton v. Braunskill, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987) ).
Here, the Petitioner has made no showing that the Supreme Court will grant certiorari to Brown, let alone that Brown is likely to succeed on the merits of his claim. Furthermore, even if the Supreme Court grants certiorari and subsequent relief to Brown, the Petitioner nevertheless remains free to file a § 2255 motion on the basis of that newly recognized right pursuant to 28 U.S.C. § 2255(f) (3). As such, the Petitioner has neither made a "strong showing that he is likely to succeed on the merits," nor that he "will be irreparably injured absent a stay." Personhuballah, 155 F.Supp.3d at 558. Accordingly, the Petitioner's Request is DENIED.
*520 V.
The Petitioner's Request for Oral Argument and Request for Stay are DENIED. The Petitioner's Motion under 28 U.S.C. § 2255 is DISMISSED. Moreover, for the reasons stated herein and in the Show Cause Order of April 3, 2017, the court DECLINES to issue a certificate of appealability.
The Clerk is DIRECTED to send a copy of this Dismissal Order to counsel for the Petitioner and the United States Attorney at Norfolk.
IT IS SO ORDERED.

The court accepts the Motion as effectively filed on the date the Petitioner certifies he placed it in the prison's internal mailing system, which is June 21, 2016. See Houston v. Lack, 487 U.S. 266, 270-72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (articulating the "prison mailbox rule").

Counsel first entered an appearance on behalf of the Petitioner on August 12, 2016. ECF No. 137. New counsel then entered an appearance on behalf of the Petitioner on June 1, 2017. ECF No. 142.

See infra Part II.

On March 6, 2018, the Petitioner also filed a "Request for Stay Pending Petition for Certiorari Seeking Review of Denial of Rehearing and Rehearing En Banc by Fourth Circuit Court of Appeals in United States v. Brown." ECF No. 146. For the reasons stated infra Part IV, the court denies the Petitioner's request.