REBECCA BEACH SMITH, CHIEF JUDGE
This matter arises out of the Petitioner's "Motion to Correct Sentence Under 28 U.S.C. § 2255" (" § 2255 Motion"), filed through counsel on June 26, 2016. ECF No. 36. The court dismissed the § 2255 Motion on May 9, 2017, ECF No. 39, after the Petitioner failed to respond to the Show Cause Order of March 31, 2017, ECF No. 38, asking the Petitioner to show why his § 2255 Motion was not untimely. On September 27, 2017, the court granted the Petitioner's "Motion for Relief from the Court's Dismissal Order Dated May 9, 2017, and Leave to File a Response to the Court After the Filing Deadline," pursuant to Federal Rule of Civil Procedure 60(b)(1) (" Rule 60(b) Motion"), ECF No. 55, thereby reopening the § 2255 Motion. ECF No. 56.
I.
In the § 2255 Motion, the Petitioner challenges his sentence as a career offender under United States Sentencing Guidelines ("U.S.S.G.") §§ 4B1.1 and 4B1.2, based on the new right recognized in Johnson v. United States, --- U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). § 2255 Mot. at 1-2. The Petitioner further asserted that his § 2255 Motion was timely under 28 U.S.C. § 2255(f)(3), which provides for the one-year limitations period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Id. at 15-16 (quoting 28 U.S.C. § 2255(f)(3) ). On July 19, 2016, the court stayed the proceedings for the § 2255 Motion because the United States Supreme Court had granted certiorari in Beckles v. United States, 616 Fed.Appx. 415 (11th Cir. 2015), cert. granted, --- U.S. ----, 136 S.Ct. 2510, 195 L.Ed.2d 838 (June 27, 2016) (No. 15-8544), which presented questions bearing directly on the § 2255 Motion. See July 19, 2016 Order, ECF No. 37. The Supreme Court issued its decision in Beckles on March 6, 2017, holding that the advisory Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. Beckles v. United States, --- U.S. ----, 137 S.Ct. 886, 890, 197 L.Ed.2d 145 (2017).
On March 31, 2017, the court warned the Petitioner that the § 2255 Motion appeared to be untimely pursuant to Beckles *663 and ordered him to show cause why the court should conclude otherwise. The Petitioner did not respond to the Show Cause Order within the allotted time, and the court dismissed the § 2255 Motion as untimely on May 9, 2017. The Petitioner subsequently filed a Rule 60(b) Motion,[1] which was granted on September 27, 2017.
In granting the Rule 60(b) Motion, the court granted relief from the Dismissal Order of May 9, 2017, and allowed the Petitioner to respond to the Show Cause Order. The Petitioner, through counsel, filed a Response to the Show Cause Order ("Petitioner's Response") on October 11, 2017. ECF No. 57. The United States replied to the Petitioner's Response on October 17, 2017, ECF No. 58, and the Petitioner, through counsel, replied to the government's response on October 20, 2017. ECF No. 59. Accordingly, the Petitioner's § 2255 Motion is again ripe for review.
II.
The Fourth Circuit's ruling in United States v. Brown, 868 F.3d 297 (4th Cir. 2017), reh'g en banc denied, No. 16-7056 (4th Cir. Feb. 26, 2018), is dispositive of the Petitioner's § 2255 Motion. In Brown, the Fourth Circuit affirmed a district court's dismissal of a § 2255 motion as untimely under 28 U.S.C. § 2255(f)(3), when the petitioner was designated an armed career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. See 868 F.3d at 298-99. The petitioner in Brown, as does the Petitioner here, argued that the holding in Johnson entitled him to relief under 28 U.S.C. § 2255, and that the holding in Beckles did not preclude such relief. See 868 F.3d at 302. Specifically, the petitioner in Brown argued that because "the Beckles Court carefully limited its holding to the advisory Sentencing Guidelines," and the petitioner was sentenced before the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which rendered the mandatory Sentencing Guidelines advisory, Beckles should not apply. Brown, 868 F.3d at 302 (emphasis in original).
The Fourth Circuit rejected these arguments, explaining that " Johnson only recognized that [the Armed Career Criminal Act]'s residual clause was unconstitutionally vague; it did not touch upon the residual clause at issue here," as found in the Sentencing Guidelines. Id. at 303 (citation omitted). In holding that the § 2255 motion was untimely under § 2255(f) (3), the Fourth Circuit concluded that, "at least for purposes of collateral review, we must wait for the Supreme Court to recognize the right urged by Petitioner." Id. (citing Dodd v. United States, 545 U.S. 353, 359, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005) ).
III.
The Petitioner here argues that Brown was wrongly decided and urges the court to adopt the dissent. Pet'r's Resp. at 7-8. However, it is well-settled that district courts cannot consider questions that "a higher court has laid to rest." Doe v. Chao, 511 F.3d 461, 465 (4th Cir. 2007). Therefore, the court must apply the Brown holding to the Petitioner's case.[2]
*664 In Brown, the Fourth Circuit found Johnson to be inapplicable to the petitioner. 868 F.3d at 303. Pursuant to Brown, the Petitioner here also cannot rely on Johnson for purposes of collateral review. See id. Therefore, the Petitioner's § 2255 Motion is untimely under § 2255(f) (3) because he did not file it within one year of the date on which the Supreme Court recognized a new right. See 28 U.S.C. § 2255(f) (3).
IV.
There is no other basis for considering the Petitioner's § 2255 Motion timely filed. The Petitioner filed his § 2255 Motion more than one year after the judgment became final, see Show Cause Order at 2-3, thus the § 2255 Motion is untimely under 28 U.S.C. § 2255(f)(1). The Petitioner alleges no unlawful governmental action that prevented him from filing the § 2255 Motion, and the court finds none, so 28 U.S.C. § 2255(f) (2) is inapposite. As discussed herein and in the Show Cause Order, the § 2255 Motion is not timely pursuant to 28 U.S.C. § 2255(f) (3). Finally, the Petitioner provides no evidence of newly discovered facts that warrant the application of 28 U.S.C. § 2255(f) (4). The court, therefore, finds the Petitioner's § 2255 Motion to be time-barred, and it is DISMISSED.
For the reasons stated herein and in the Show Cause Order, the court declines to issue a certificate of appealability. The Clerk is DIRECTED to send a copy of this Dismissal Order to counsel for the Petitioner and the United States Attorney at Norfolk.
IT IS SO ORDERED.

Prior to the Rule 60(b) Motion, the Petitioner also filed: a "Motion for Leave to File a Response to the Court after the Filing Deadline," ECF No. 40, which was denied, ECF No. 41; a Notice of Appeal, ECF No. 42; and a voluntarily dismissal of its appeal, which was granted by the Fourth Circuit, ECF No. 52.

The Petitioner's argument that the Fourth Circuit's reasoning in Brown is flawed, Pet'r's Reply at 4, is irrelevant. "When matters are decided by an appellate court, its rulings, unless reversed by it or a superior court, bind the lower court." Chao, 511 F.3d at 465 (quoting Ins. Grp. Comm. v. Denver & Rio Grande W. R.R. Co., 329 U.S. 607, 612, 67 S.Ct. 583, 91 L.Ed. 547 (1947) ).