[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14583
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-20840-PCH-8


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXIS VALDES GONZALEZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 13, 2018)

Before WILSON, JORDAN and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Alexis Valdes Gonzalez appeals his 160-month sentence for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846, and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Valdes Gonzalez argues that the district court erred in designating him a career offender under the Sentencing Guidelines. In particular, Valdes Gonzalez contends that his Florida conviction for kidnapping does not qualify as a "crime of violence" under U.S.S.G. § 4B1.2(a). After review, we affirm.

## I. FACTUAL BACKGROUND

In the fall of 2015, as part of an investigation into a Miami-based drug trafficking organization, a confidential source made three controlled buys of methamphetamine from defendant Valdes Gonzalez. In early 2016, the confidential source purchased a firearm and ammunition from Valdes Gonzalez, who is a convicted felon. Among Valdes Gonzalez's prior felony convictions were: (1) Florida convictions for kidnapping with a weapon and armed burglary with assault or battery in February 1998; and (2) a Florida conviction for possession with intent to sell, manufacture or deliver cocaine and cannabis in November 2010.

2

Pursuant to a plea agreement, Valdes Gonzalez pled guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846 (Count 1), and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 2).

At sentencing, the district court determined, based on Valdes Gonzalez's 1998 conviction for kidnapping and his 2010 conviction for possession of cocaine and marijuana with intent to sell, manufacture or deliver, that Valdes Gonzalez was a "career offender" under U.S.S.G. § 4B1.1(a). This designation resulted in an increased offense level and an enhanced criminal history category under U.S.S.G. § 4B1.1(b), producing an advisory guidelines range of 262 to 327 months' imprisonment. After hearing from the parties and considering the 18 U.S.C. § 3553(a) factors, the district court varied downward by 102 months and imposed a total sentence of 160 months' imprisonment, consisting of a 160-month sentence on Count 1 and a 120-month sentence on Count 2, to be served concurrently with the sentence on Count 1.

## II.  DISCUSSION

### A.    Career Offender Guidelines

A defendant is a career offender under the Sentencing Guidelines if: (1) he was at least 18 years old at the time he committed the instant offense of conviction;

3

(2) the instant offense of conviction is a felony that is either a "crime of violence" or a "controlled substance offense"; and (3) he has at least two prior felony convictions for either a "crime of violence" or a "controlled substance offense." U.S.S.G. § 4B1.1(a).  A "crime of violence" is defined as any felony that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> (2) is murder, voluntary manslaughter, <u>kidnapping</u>, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a) (emphasis added).  Section 4B1.2(a)(1) is commonly referred to as the "elements clause," and § 4B1.2(a)(2) contains the "enumerated offenses clause."  See <u>United States v. Lockley</u>, 632 F.3d 1238, 1240-41 (11th Cir. 2011).  A "controlled substance offense" is defined as a felony that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."  U.S.S.G. § 4B1.2(b).

**B.    Valdes Gonzalez's Claim**

In this appeal, Valdes Gonzalez does not dispute that he satisfies the first two career-offender criteria in U.S.S.G. § 4B1.1(a).  As to the third criteria—whether Valdes Gonzalez has "at least two" qualifying prior felony convictions—Valdes Gonzalez does not dispute that his prior Florida felony conviction for

4

possession of cocaine and marijuana with intent to sell, manufacture, or deliver

qualifies as a controlled substance offense. Thus, the only issue raised is whether

Valdes Gonzalez has a second qualifying prior felony conviction. Valdes

Gonzalez argues that his Florida kidnapping conviction does not qualify as a

predicate crime of violence as defined in U.S.S.G. § 4B1.2(a).[1]

As the district court noted at the time of Valdes Gonzalez's sentencing, this

Court has already concluded in In re Burgest, 829 F.3d 1285 (11th Cir. 2016), that

Florida kidnapping categorically qualifies as a "crime of violence" under

§ 4B1.2(a)'s enumerated offenses clause. See In re Burgest, 829 F.3d at 1287. In

that case, this Court said: "Burgest was classified as a career offender based on his

two prior convictions for manslaughter and kidnapping. Both offenses are

categorically crimes of violence. The commentary to section 4B1.2 states that

'crime of violence' includes . . . manslaughter [and] kidnapping . . . U.S.S.G.

§ 4B1.2 n.1." Id. (quotation marks omitted). The Burgest Court added that "we

have recognized, based on the decision of the Supreme Court in Stinson v. United

States, that 'the definition of 'crime of violence' provided by the Guidelines

commentary is authoritative.'" Id. (quoting United States v. Hall, 714 F.3d 1270,

1274 (11th Cir. 2013)) (citation omitted).

---

[1]This Court reviews de novo whether a prior conviction qualifies as a "crime of violence" under the Sentencing Guidelines. Lockley, 632 F.3d at 1240.

5

Thus, Valdes Gonzalez's argument that his Florida kidnapping conviction is not a crime of violence is foreclosed by this Court's binding precedent. See United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008) (providing that under this Circuit's prior panel precedent rule, this Court is bound to follow a prior panel's holding that has not been overruled or undermined to the point of abrogation by this Court sitting en banc or by the Supreme Court).

Valdes Gonzalez argues that we are not bound by In re Burgest because it was decided in the context of an application for leave to file a second or successive 28 U.S.C. § 2255 motion. This Court recently rejected such an argument, however, holding in a direct appeal case that "law established in published three-judge orders issued pursuant to 28 U.S.C. § 2244(b) in the context of applications for leave to file a second or successive § 2255 motions [is] binding precedent on all subsequent panels of this Court, including those reviewing direct appeals and collateral attacks, 'unless and until they are overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc.'" United States v. St. Hubert, 883 F.3d 1319, 1329 (11th Cir. 2018) (quoting Archer, 531 F.3d at 1352) (alterations omitted). While Valdes Gonzalez suggests St. Hubert was wrongly decided, we are bound by St. Hubert for the same reasons we are bound by In re Burgest. Neither this Court sitting en banc nor the Supreme Court has overruled or abrogated them.

6

In light of our binding precedent, the district court correctly concluded that Valdes Gonzalez's Florida kidnapping conviction qualified as a crime of violence under U.S.S.G. § 4B1.2(a)(2). Because Valdes Gonzalez had two qualifying prior felony convictions under U.S.S.G. § 4B1.2, the district court did not err in determining that Valdes Gonzalez was a career offender and calculating his advisory guidelines range under U.S.S.G. § 4B1.1(b).

**AFFIRMED.**